MYSTY LANGFORD, ESQ.
Nevada Bar No. 16909
**RICHARD HARRIS LAW FIRM**
801 South Fourth Street
Las Vegas, Nevada 89101
P: (702) 444-4444
F: (702) 444-4455
E: mlangford@richardharrislaw.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CHANYAMAS TRAIRATTANANUSORN, individually;<br><br>Plaintiff,<br><br>v.<br><br>WALMART, INC., a foreign corporation;<br><br>Defendants. | CASE NO.:   2:25-cv-00425-CDS-BNW<br><br>**DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**(SPECIAL SCHEDULING REVIEW REQUESTED)** |

Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 26-1(a), the parties submit their proposed Discovery Plan and Scheduling Order. Deadlines that fall on a Saturday, Sunday, or legal holiday have been scheduled for the next judicial day.

1. **Meeting:** Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on March 27, 2025, and was attended telephonically by Mysty Langford, Esq., of the Richard Harris Law Firm for Plaintiff, and Sarah B. Hartig, Esq., of Quintairos, Prieto, Wood & Boyer, P.A. for Defendant.

2. **Pre-Discovery Disclosures:** Plaintiff and Defendant have agreed that they will respectively serve their disclosures on or before April 10, 2025.

3. **Areas of Discovery:** The parties agree that the areas of discovery should include, but not be limited to, all claims and defenses allowed pursuant to the Federal Rules of Civil Procedure.

4. **Discovery Plan:** The parties jointly propose to the Court the following discovery plan.

A. **Discovery Cut-Off Date:**

The parties jointly request a change to LR 2601(b)(1) to extend the discovery period to 9 months (270 days). Defendant filed its *Petition for Removal* on March 7, 2025 [ECF No. 1], along with a *Notice of Removal* in the state action. Defendant first appeared in the matter by filing its *Answer* on February 4, 2025 in the state court. As a result of the removal, the parties have not yet been able to commence conducting discovery. The parties need to negotiate certain confidentiality structures to govern certain items of discovery and analysis of pertinent video evidence as well as inquiry into the extent and nature of Plaintiff's injuries. Further, Plaintiff is still undergoing treatment and the nature of the injuries requires the collection of extensive medical records which supports the extended discovery period. Finally, Defendant has reserved its right for a Rule 35 examination.

Based upon the foregoing, the parties therefore request that the discovery period be set for 270 days, calculated from the date of the conduct of the FRCP 26(f) Case Conference, March 27, 2025, such that discovery closes on January 26, 2026, which is 270 days plus 1 day accounting for the 270th day being Sunday, January 25, 2026. This extended period allows the parties to complete necessary discovery into Plaintiff's extensive injuries.

B. **Amending the Pleadings and Adding Parties:** The parties shall have until October 27, 2025, to file any motions to amend the pleadings and/or to add parties. This date is 90 days before the discovery cut-off date.

C. **Fed. R. Civ. P. 26(a)(2) Disclosure of Experts:** Disclosure of expert shall proceed according to Fed. R. Civ. P. 26(a)(2) and LR 26-1(b)(3) as follows:

      i. The disclosure of experts and their reports shall occur on or before November 26, 2025. The expert disclosure deadline is 60 days before the discovery cut-off date.

      ii. The disclosure of rebuttal experts and their reports shall occur on or before December 26, 2025. The rebuttal deadline is 30 days after the initial expert disclosure deadline.

D. **Dispositive Motions:** The parties shall have until February 24, 2026, to file dispositive motions. This is 30 days after the discovery cut-off date, as required by LR 26-1(b)(4).

E. **Pre-Trial Order:** The parties will prepare a Consolidated Pre-Trial Order on or before March 26, 2026, which is 30 days after the date set for filing dispositive motions. This deadline will be suspended if dispositive motions are timely filed until 30 days after the decision of the dispositive motions or until further Order of the Court. The disclosures required by Fed. R. Civ. P. 26(a)(3), and objections thereto, shall be included in the pre-trial order.

F. **Court Conferences:** If the Court has questions regarding the dates proposed by the parties, the parties request a conference with the Court before entry of the Scheduling Order. If the Court does not have questions, the parties do not request a conference with the Court.

G. **Authorizations:** It is agreed that Plaintiff will provide Defendant with HIPAA Compliant Authorizations for the Release of Patient Information pursuant to 45 CFR 164. The parties agree that in the event Plaintiff makes a claim for loss of wages or lost earning capacity, Plaintiff shall provide: (1) Consent for Release of Employment Information, left blank and (2) Authorization to Obtain Plaintiff's Tax Return information.

H. **Format of Discovery:** Pursuant to the electronic discovery amendments to the Federal Rules of Civil Procedure, the parties addressed the e-discovery issues

pertaining to the format of discovery at the Rule 26(f) conference. The parties do not anticipate discovery of native files or metadata at this time, but each party reserves the right to make a showing for the need of such electronic data as discovery progresses.

I. **Alternative Dispute Resolution:** The parties certify that they have met and conferred about the possibility of using alternative dispute resolution processes including mediation, arbitration, and if applicable, early neutral evaluation.

J. **Alternative Forms of Case Disposition:** The parties certify that they considered consent to trial by magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01).

K. **Electronic Evidence:** The parties certify that they discussed whether they intend to present evidence in electronic form to jurors for the purpose of jury deliberations. The parties have not reached any stipulations in this regard at this time.

DATED this 5th day of May 2025.

**RICHARD HARRIS LAW FIRM**

/s/ Mysty Langford
MYSTY LANGFORD, ESQ.
Nevada Bar No. 16909
801 South Fourth Street
Las Vegas, NV 89101
*Attorneys for Plaintiff*

DATED this 7th day of May 2025.

**QUINTAROS, PRIETO, WOOD & BOYER, P.A.**

/s/Sarah B. Hartig
SARAH B. HARTIG, ESQ.
Nevada Bar No. 10071
3740 Lakeside Drive, Suite 202
Reno, Nevada 89509
*Attorneys for Defendant WALMART, INC.*

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

**DATED:** 5/9/2025